# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

No. 00-60217

---

MICHAEL A. OGDEN
*Petitioner-Appellant,*

versus

COMMISSIONER OF INTERNAL REVENUE,
*Respondent-Appellee.*

---

No. 00-60220

---

MICHAEL A. OGDEN; COLLEEN OGDEN,
*Petitioners-Appellants,*

versus

COMMISSIONER OF INTERNAL REVENUE,
*Respondent-Appellee.*

---

Appeals from a Decision of the United States Tax Court

---

March 20, 2001

Before:     FARRIS[*], JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:

---

[*]Circuit Judge of the Ninth Circuit, sitting by designation.

Michael A. Ogden and Colleen Ogden appeal the decision of the tax court denying their petitions for redetermination of federal taxes and imposing an accuracy-related penalty.[2] We have jurisdiction pursuant to 26 U.S.C. § 7482(a), and we affirm.

We review for clear error the tax court's profit motive inquiry, *see Westbrook v. Commissioner,* 68 F.3d 868, 876 (5th Cir. 1995), and determination of negligence for an accuracy-related penalty, *see id.* at 880. Clear error exists when this court is left with the definite and firm conviction that a mistake has been made. *See Chamberlain v. Commissioner*, 66 F.3d 729, 732 (5th Cir. 1995).

We have carefully reviewed the record following skillful and persuasive oral argument by counsel for the petitioner. We agree that the tax court was not compelled to enter the findings that it made. Our review, however, is to determine whether these findings are supported by the record. They are. There is, on this record, no basis for a firm conviction that an error has been made.

The record supports the finding that the Ogdens' objective was not profit but to purchase household goods and make financial deductions to offset their wage income. We therefore affirm the tax court's determination of tax liability. *See*

---

[2] On April 26, 2000, the court granted the parties' joint motion to consolidate appeals.

*Westbrook*, 68 F.3d at 875-76.

Contrary to the Ogdens' contention, evidence of profit is not determinative of whether a profit motive exists. *See id*. at 876 (no single tax regulation factor, nor the existence of a majority of factors, is determinative of whether a profit motive exists). There is overwhelming evidence in the record that, if believed, supports a conclusion that the Ogdens maintained their Amway activity for deductions, personal pleasure and to offset wages. The tax court did not abuse its discretion in denying the motion for reconsideration. *See id*.

The record supports the finding that the Ogdens failed to comply with provisions of the Internal Revenue laws, failed to exercise due care by continuing with an unprofitable endeavor, and maintained unbusinesslike records. We affirm the tax court's imposition of an accuracy-related penalty. *See Westbrook*, 68 F.3d at 880-81.

**AFFIRMED.**