In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3169

Frank Thomas,

Plaintiff-Appellant,

v.

General Motors Acceptance Corp., et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 8015--James H. Alesia, Judge.

Submitted December 18, 2001--Decided April 30, 2002

Before Posner, Manion, and Rovner, Circuit
Judges.

Posner, Circuit Judge.  The plaintiff in
this ERISA suit for additional severance
pay appeals from the dismissal of the
suit with prejudice as a sanction for his
having misrepresented his financial
condition in his application to be
permitted to proceed in forma pauperis.
In response to the question on the
application whether he was expecting to
receive any money in the future, he
failed to state that he had just nine
days earlier directed the defendant to
distribute to him the $73,714 in his
vested company retirement account in a
lump sum minus applicable taxes. The
defendant sent him a check for $58,990,
the amount in the account minus taxes due
on it, three weeks after he filed the
suit and the application for leave to
proceed without paying the $150 filing
fee. He did not update his application.

Because the allegation of poverty was
false, the suit had to be dismissed; the
judge had no choice. 28 U.S.C. sec.
1915(e)(2)(A). The only question is
whether the judge abused his discretion
in making the dismissal with prejudice.
By doing this, he made dismissal a
sanction for the filing of a false
application. His authority to impose such
a sanction in an appropriate case is

beyond question. E.g., Mathis v. New York Life Ins. Co., 133 F.3d 546, 547-48 (7th Cir. 1997) (per curiam); Attwood v. Singletary, 105 F.3d 610 (11th Cir. 1998) (per curiam); Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990); Thompson v. Carlson, 705 F.2d 868 (6th Cir. 1983) (per curiam). Dismissal with prejudice may have been the only feasible sanction for this perjury designed to defraud the government. Dismissal without prejudice would have been no sanction at all, unless perchance the statute of limitations had run in the interim, which it must not have done or the plaintiff would not be complaining about the fact that his suit was dismissed with prejudice. And a monetary sanction would probably be difficult to collect from a litigant assiduous in concealing assets. Even dismissal without prejudice wouldn't be much of a sanction unless the plaintiff's suit was a winner, or at least had some settlement value, which it may not have had.

But before concluding that the district court should be affirmed, we should consider what the standard of appellate review is of dismissals with prejudice under section 1915(e)(2)(A), an issue left open in our previous cases. See Hrobowski v. Commonwealth Edison Co., 203 F.3d 445, 448 (7th Cir. 2000); Mathis v. New York Life Ins. Co., supra, 133 F.3d at 547. We cannot find any cases in other circuits addressing the issue.

The proper standard of review depends on the character of the ruling sought to be reviewed. If it is a ruling on a pure question of law, review is plenary because it is intolerable to have the law differ from district judge to district judge. Cook v. City of Chicago, 192 F.3d 693, 697 (7th Cir. 1999). If it is a pure question of fact--a "who did what where when and to whom" kind of question, "pure" in the sense that no legal knowledge or instruction is necessary to answer it--then the correct standard is clear error. E.g., Fed. R. Civ. P. 52(a); Malachinski v. Commissioner, 268 F.3d 497, 505 (7th Cir. 2001); D'Alessio v. N.Y. Stock Exchange, Inc., 258 F.3d 93, 98 (2d Cir. 2001).

If it is a "mixed" question of law and fact or, the same thing under a different label, an "ultimate" question of fact--

that is, if it is the application of a legal standard (such as negligence) to the pure facts (what the defendant did) to yield a legal conclusion (the defendant was or was not negligent)--then, again, except in those few, mainly constitutional cases in which the Supreme Court has decreed plenary review of such determinations, e.g., Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 431-36 (2001); Ornelas v. United States, 517 U.S. 690, 697-99 (1996); United States v. Meyer, 157 F.3d 1067, 1074 (7th Cir. 1998); United States v. D.F., 115 F.3d 413, 417-18 (7th Cir. 1997), the clear-error standard governs. E.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 401-05 (1990); Icicle Seafoods, Inc. v. Washington, 475 U.S. 709 (1986); McCallister v. United States, 348 U.S. 19, 20-22 (1954); Malachinski v. Commissioner, supra, 268 F.3d at 507-08; United States v. Frederick, 182 F.3d 496, 499 (7th Cir. 1999); Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 933 (7th Cir. 1989) (en banc); Houston Exploration Co. v. Halliburton Energy Services, Inc., 269 F.3d 528, 531 (5th Cir. 2001); Ogden v. Commissioner, 244 F.3d 970 (5th Cir. 2001) (per curiam); Catalina Cruises, Inc. v. Luna, 137 F.3d 1422, 1425 (9th Cir. 1998); contra, Consolidated Mfg. v. Commissioner, 249 F.3d 1231, 1236 (10th Cir. 2001). The application of a legal rule or standard to the particular facts of particular cases will yield different outcomes from case to case depending on the facts of the individual case. So uniformity of outcome is unattainable; and as divergent applications of law to fact do not unsettle the law--doctrine is unaffected--a heavy appellate hand in these cases is unnecessary to assure the law's clarity and coherence.

Then too the court that finds the facts will know them better than the reviewing court will, and so its application of the law to the facts is likely to be more accurate. And in many cases the determination of a "mixed" question of fact and law reduces to a series of purely factual determinations--for example, in a negligence case, to a determination of the burden of precautions, the magnitude of the injury, the likelihood that the injury would occur if the defendant failed to take the precautions, and the relation among these

variables, all of which are factual, and their relation to each other likewise. See, e.g., United States v. Halek, 178 F.3d 481, 484 (7th Cir. 1999); Guardian Life Insurance Co. v. Weisman Associates, 223 F.3d 229, 234 (3d Cir. 2000); United States v. Carroll Towing Co., 159 F.2d 169, 173 (2d Cir. 1947) (L. Hand, J.). One might suppose Rule 52(a) all by itself compelled application of the clear-error standard to an "ultimate" finding of fact that was in truth merely a composite of pure factfindings and thus not a "mixed" question of fact and law at all.

Finally, if the ruling under review is judgmental, managerial, or otherwise discretionary, rather than being either legal or factual in character, such as the choice of a sanction that will be appropriate in light of the gravity of a litigant's or a lawyer's misconduct, review is for abuse of discretion, again and for obvious reasons a deferential standard. E.g., Cooter & Gell v. Hartmarx Corp., supra, 496 U.S. at 404; Weibrecht v. Southern Illinois Transfer, Inc., 241 F.3d 875, 883 (7th Cir. 2000); Kruger v. Apfel, 214 F.3d 784, 786 (7th Cir. 2000) (per curiam); Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001); Webb v. District of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998).

To summarize, whereas review of rulings on pure questions of law is plenary, review of pure factfindings, of applications of a legal standard to pure facts, and of judgmental rulings is deferential. All three of the deference categories involve case-specific rulings, which, even if they do not compose a consistent pattern across similar cases (the possibility inherent in deferential appellate review-- deference implying that the appellate court might well have affirmed an opposite ruling by the district court), do not unsettle the law because the rulings set forth no general propositions of law.

More than one of the four types of ruling may be found combined, as this case illustrates. The judge found that the plaintiff had lied on the application for leave to proceed in forma pauperis. That was a finding of pure fact. But the judge went on to find that the plaintiff's lie was so egregious that the

sanction of dismissal with prejudice was appropriate. That was a classic judgmental ruling. Our review of the first finding is for clear error, and of the second for abuse of discretion--the normal standard for appellate review of sanctions, as we have noted. Both are deferential standards of review and, as a practical matter, similar or even identical in the amount of leeway they give the district judge. United States v. Hill, 196 F.3d 806, 808 (7th Cir. 1999); Cook v. City of Chicago, supra, 192 F.3d at 696; Johnson v. Trigg, 28 F.3d 639, 643-44 (7th Cir. 1994). As there was no clear error and no abuse of discretion, the judgment of the district court is

Affirmed.