**Dong CHUNG, Plaintiff–Appellant,**

**v.**

**KPMG LLP, Defendant–Appellee.**

**Dong Chung, Plaintiff–Appellant,**

**v.**

**Gary Dushane, et al., Defendants–Appellees.**

Nos. 03–3905, 03–4022.

United States Court of Appeals, Seventh Circuit.

Submitted June 24, 2004.*

Decided June 24, 2004.

Rehearing and Suggestion for Rehearing En Banc Denied July 23, 2004.**

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

\*\* Judge Flaum did not participate in the consideration of this Petition for Rehearing.

Dong Chung, Chicago, IL, pro se.

James R. Figliulo, Figliulo & Silverman, Chicago, IL, for Defendant–Appellee.

Before CUDAHY, POSNER, and WILLIAMS, Circuit Judges.

## ORDER

Dong Chung is a tenacious litigator. Pursuing a pro se discrimination lawsuit against her former employer, KPMG LLP, she quickly established a pattern of challenging nearly every ruling that didn't go her way, requesting sanctions against the other party, and asking the court to justify its decisions more fully. Hearings were characterized by a tone of incivility, with Chung frequently accusing opposing counsel of fraud, alleging bias on the part of the district judge and the magistrate judge, and persistently interrupting both opposing counsel and the district judge himself. Eventually, after Chung sought to file a Fourth Amended Complaint adding eighteen new defendants to the suit, KPMG moved the court to dismiss the case for abuse of judicial process. The court granted the motion, offering its own assessment of Chung's behavior:

I cannot imagine a more litigious plaintiff before me in all of the years I have been a judge, who has contested in every way possible every adverse ruling made against her, including before the magistrate judge; who has challenged and sued and put upon defendants who, by any stretch of common sense, have had nothing to do with violating whatever legal rights you may have.

The court thus dismissed the case with prejudice for "gross abuse of the civil justice system," explaining that "in good conscience, I cannot do otherwise."

On appeal, Chung argues that the dismissal of her case was unwarranted. She acknowledges, however, that the court may appropriately use its inherent power to sanction a party who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041, 1058 (7th Cir.1998). Even outright dismissal is within the bounds of the court's discretion. *Chambers*, 501 U.S. at 45, 111 S.Ct. 2123. Having reviewed the record, we conclude that Chung's attempt to bring in eighteen new defendants—many with at best a tenuous connection to the case—coupled with her history of redundant, confusing, and harassing filings, more than adequately support the district court's finding of gross abuse. *See Brandt v. Schal Associates, Inc.*, 960 F.2d 640, 647 (7th Cir.1992). Dismissal with prejudice was warranted.

We consolidated a related appeal for decision only. After being rebuffed in her attempt to add the eighteen new defendants to her original lawsuit, Chung promptly filed a second suit, which was assigned to a different judge. That suit was dismissed with prejudice under 28 U.S.C. § 1915(e)(2) when the court found that she had misrepresented her financial

position on her *in forma pauperis* application. *See generally Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547—48 (7th Cir.1998) (per curiam). We review that finding for clear error, *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 308 (7th Cir.2002), and we do not discern any.

Additionally, and consistent with her overall approach to litigation, Chung has filed in this court a "Motion to Strike portions of KPMG's Brief for Fabrication of References to the Records, Violation of FRAP Rule 10(a), FRAP Rule 28, Circuit Rule 28, and Circuit Rule 53." We find that motion groundless.

The judgments of the district court are AFFIRMED. We DENY Chung's motion to strike.

Chung's conduct in these cases is part of a pattern of abusive litigation, comprising not only these two federal lawsuits, but also three suits in state court and proceedings before state and federal administrative agencies. We cannot countenance this behavior, and we will not tolerate Chung's continued use of the federal courts to harass her former employer through frivolous lawsuits, motions, and appeals. Accordingly, we order Chung to SHOW CAUSE within 14 days of this order why sanctions should not be imposed against her.