**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 23, 2006[*]
Decided March 27, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3810

|  |  |
|---|---|
| JONATHON H. BEDFORD, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-C-978-C |
| NEIGHBORHOOD CONNECTIONS, *Defendant-Appellee.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Jonathon Bedford challenges the dismissal of his employment discrimination complaint, ordered by the district court as a consequence of his failure to pay a sanction.  The court ordered the sanction because Bedford submitted to the district court a copy of his administrative complaint to the Equal Rights Division of the Wisconsin Department Workforce Development that he had altered to make it appear that he had exhausted claims not in fact considered by the agency.  We affirm the fraud finding and the dismissal.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

In 1991 Neighborhood Connections, a non-profit organization that provides services to developmentally disabled adults, hired Bedford as live-in attendant to one of its clients. He was fired in 2003, purportedly for alcohol abuse and other misconduct. Bedford filed an administrative discrimination complaint, claiming that he was really fired because he is black and male, and named only his individual supervisors as defendants. On July 25, 2003, he filed an amended administrative complaint, naming Neighborhood Connections as defendant and, he insists, at that time checked off boxes for four additional grounds of discrimination: disability, religion, "honesty testing," and retaliation. The agency denied Bedford's complaint initially, upon reconsideration, and after a hearing before an administrative law judge (ALJ).

To his complaint in the district court Bedford attached a copy of his July 25, 2003, administrative complaint. On it are marked not only the boxes for discrimination based on race and sex, but also the boxes for: disability (which he has written in as alcoholism), religion (Christianity), "honesty testing," and retaliation in anticipation of his administrative complaint. At initial screening, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), the district court allowed Bedford to proceed in forma pauperis on his claims that he was fired because of race and sex, *see* Title VII, 42 U.S.C. §§ 2000e *et seq.*, and disability, *see* Americans with Disabilities Act of 1990, § 2 *et seq.*, 42 U.S.C. §§ 12101 *et seq.*

Neighborhood Connections moved to dismiss the disability claim because Bedford had not exhausted it, and attached a July 25, 2003 administrative complaint that the agency certified was Bedford's only filing on that date. On the certified complaint the boxes for discrimination based on race and sex are marked, but the four additional grounds are not. Neighborhood Connections argued that Bedford altered his copy of the administrative filing, date-stamped July 25, 2003, before attaching it to his federal complaint to revive unexhausted claims.

The court ordered the parties to appear and Bedford to show cause why he should not be sanctioned for the apparent fraud. At the hearing, Neighborhood Connections submitted a copy of the June 10, 2004, administrative hearing transcript, which reflects that the ALJ had only one version of the complaint before him, filed on July 25, 2003, with checks for race and sex only, and that the ALJ denied Bedford's oral request to add the other four grounds. Confronted with this evidence, Bedford made an admission to the district court that undermined his contention that he had filed an administrative complaint with the other four grounds checked off: "At the hearing I had only checked two boxes. I asked [the ALJ], I had in front of me that copy that the judge has, that I wanted to amend the complaint to include those [four other] charges. He emphatically said no." When the district judge asked Bedford to clarify that only two boxes were checked on his July 25, 2003 filing, Bedford repeated: "That's entirely true. However, I wanted to –

– I asked the judge to include those [four other] charges and he would not." Based on Bedford's admission, the court found that he committed fraud in submitting the July 25, 2003, administrative complaint with the additional checked boxes. The court dismissed his disability claim as unexhausted, and ordered him to pay sanctions in the amount of $350 to Neighborhood Connections towards costs. After Bedford refused to pay the sanction, the court dismissed the case.

On appeal Bedford attempts to contest the fraud finding by reverting to his former position that he had filed with the state agency the administrative complaint containing the other four checked boxes. He also asserts that the court denied him adequate time to rebut the allegation of fraud and objects to the use of the transcript of his administrative hearing. Finally, he generally contends that the district court abused its discretion by imposing a fine and then dismissing his case when he refused to pay it.

We review the district court's factual findings for clear error and decision to impose monetary sanctions for abuse of discretion. *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 308 (7th Cir. 2002). Dismissal of a case for failure to pay sanctions is a proper exercise of discretion. *Support Sys. Int'l, v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

The district court's finding that Bedford committed fraud is not clearly erroneous. Bedford's own testimony when confronted with the administrative hearing transcript shows that he knew he filed only one administrative complaint on July 25, 2003, which checked only the boxes for race and sex, and that this was the complaint reviewed by the ALJ. The district judge permissibly concluded that Bedford attempted to deceive her by claiming that he had filed a different administrative complaint with four boxes checked.

Bedford has failed to undercut the finding of fraud. All he points to are two documents he submitted to the district court; first, a letter the agency sent him on July 15, 2003, informing him that "additional information is needed to process your complaint" and giving him 15 days to refile. But this letter does not show that he filed an administrative complaint that added the four grounds. Second, Bedford points to a letter the ALJ sent to him before his hearing, acknowledging receipt of a "package of materials" and asking if they are intended as exhibits. But the "package of materials" the ALJ refers to did not contain the disputed version of the complaint. Finally, Bedford draws our attention to a stamped date on the disputed complaint: "interestingly enough [it] is also stamped and dated April 19th 2004," two months before his administrative hearing. That stamp is from the district court, however, not the state agency, and corresponds to the date he filed an earlier federal law suit, which was voluntarily dismissed because the administrative hearing had not yet taken place.

Bedford's remaining arguments do not show that the imposition of the $350 sanction, or the dismissal of the case for failure to pay it, were an abuse of discretion. Bedford argues that he didn't have sufficient time to defend the allegations of fraud. But he had two weeks to prepare and never asked the district court for more time than that. Bedford also objects to the use of the hearing transcript. He does not claim it was inadmissible. (He did not object to its admission below and it would be too late now, *see* Fed. R. Evid. 103(a)(1)). Rather, Bedford argues that he should have received an advance copy from the defendant before the hearing. He has forfeited this contention by not raising it below and cannot show plain error here as there was no court order requiring a pre-hearing exchange of exhibits, nor was one required. *See* Fed. R. Evid. 613. Finally, like the defendant Bedford could have obtained a copy at any time directly from the agency. Having properly found fraud, the district court was within its discretion to sanction the fraud with a fine and, when Bedford refused to pay the fine, dismiss the case. *See Thomas*, 288 F.3d at 306-7.

AFFIRMED.