NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted December 19, 2007[*]
Decided February 8, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-2402

| | |
|---|---|
| SHARON MCROYAL, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | |
| | No. 05 C 6054 |
| COMMONWEALTH EDISON CO. | |
| and EXELON CORP., | James B. Zagel, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Sharon McRoyal sued her former employer, Commonwealth Edison Company, and its parent holding company, Exelon Corporation (collectively ComEd), alleging that they had discriminated against her in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act when they fired her in February 2003. Ms. McRoyal filed a petition to proceed in forma

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

pauperis in the district court. After a hearing, the district court found that Ms. McRoyal had lied on her petition to proceed in forma pauperis and dismissed the case with prejudice. For the reasons set forth in this order, we affirm the judgment of the district court.

Shortly after filing this action in October 2005, Ms. McRoyal filed her petition to proceed in forma pauperis and attached a financial affidavit. She attested that she, her husband and their six children lived on her husband's wages of $10 per hour, which he earned at a job with ATA Airlines, and that they owned no assets. The district judge denied the petition; it reasoned that it was not credible that a family of eight could live on $10 per hour with no assistance from family, government or charitable institutions.

Ms. McRoyal filed a motion for reconsideration and a second petition in January 2006. In this document, she stated that, when she was last employed in 2003, she had earned a yearly salary of $72,000. The district court granted the motion, conditioned on Ms. McRoyal submitting a new petition and listing, completely and accurately, all payments from state programs that she or anyone else in her household had received in the preceding 12 months. In response to the district court's order, Ms. McRoyal filed, in April 2006, a new petition to proceed in forma pauperis in which she indicated, for the first time, that, as of August 2005, she had been employed by Verizon Wireless and earned $12.98 per hour. She also stated that her husband had been unemployed for four months, but was receiving $498 per month in unemployment assistance. Finally, she indicated that she and her husband owned a residence in Chicago worth $98,000, that they paid $1,200 per month on their mortgage and that no one residing at the home had more than $200 in a bank account. In May 2006, the district court denied the petition to proceed in forma pauperis but nonetheless allowed Ms. McRoyal to proceed with the action if she immediately paid $20 of the filing fee.

In July 2006, ComEd moved to dismiss the action under 28 U.S.C. § 1915(e) on the ground that the petition to proceed in forma pauperis contained material omissions and false allegations of poverty. The district court allowed discovery to ascertain Ms. McRoyal's financial status and held an evidentiary hearing in December 2006. Following the hearing, the district court found, in January 2007, that Ms. McRoyal made several false allegations of poverty in her petition. Specifically, it found that Ms. McRoyal and her husband own a condominium in Hawaii currently assessed at $371,600; that they own a town home in Maricopa County, Arizona, which they purchased in 2005 for $217,285; that $98,000 was the purchase price for their residence nearly 20 years ago, but that it is currently collateral for two mortgages totaling $185,000; that she or her husband have paid taxes on all of these properties; and that they also own or owned a commercial property on Western Avenue in Chicago. Additionally, the district court found that Ms. McRoyal falsely asserted that no one living with her has more than $200 in

cash or bank accounts.  Ms. McRoyal's son, who lives with her, pays bills and otherwise financially supports her in excess of that amount.  The district court found that Ms. McRoyal's reasons for not listing these properties and income on her petition were not credible and further found that she was "lying to the court."  R.28 at 4.  The district court ordered Ms. McRoyal to pay a $500 sanction, the costs, fees, and expenses incurred by ComEd, and the remainder of the filing fee.

ComEd moved for reconsideration, contending that under 28 U.S.C. § 1915(e)(2)(A), once the district court determined in January that Ms. McRoyal lied on her petition to proceed in forma pauperis, it was obligated to dismiss the case.  Upon reconsideration, and after Ms. McRoyal failed to pay any of the required fees, the district court dismissed the case with prejudice in May 2007.  Ms. McRoyal appeals the dismissal.

At the outset, we note that Federal Rule of Appellate Procedure 10(b)(1) requires the appellant to order any transcript the appellant believes necessary for the appeal.  Fed. R. App. P. 10(b)(1).  Because Ms. McRoyal has not ordered the transcript of the evidentiary hearing which led to the dismissal, we could decline to review the appeal on this ground alone.  *See United States v. Santiago-Ochoa*, 447 F.3d 1015, 1018 (7th Cir. 2006).  Nevertheless, as long as there is opportunity for meaningful review, we may exercise our discretion and review the merits.  *Id.*  Because Ms. McRoyal is proceeding pro se, and the record is otherwise well-developed, we shall do so.

In her notice of appeal, Ms. McRoyal identified several orders from which she was appealing, but in her opening brief abandons her challenge to all except the orders entered in January and May 2007.  We therefore construe Ms. McRoyal's appeal as challenging the district court's order in May dismissing the case and the underlying findings from January.  *See Greer v. Bd. of Educ. of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001).  We review the district court's finding of fact that Ms. McRoyal lied on her petition to proceed in forma pauperis for clear error, and we review the district court's dismissal with prejudice for abuse of discretion.  *Thomas v. GMAC*, 288 F.3d 305, 308 (7th Cir. 2002).

Ms. McRoyal first submits that her case should not have been dismissed because, even if she lied on her petition to proceed in forma pauperis, those falsehoods were harmless because they did not result in the district court's granting her petition and she remains obligated to pay the filing fee.  We cannot accept this reasoning.  As the district court aptly noted in its order of March 27, 2007, the wrongful act of making false statements to the court is always harmful.  Therefore, if an allegation of poverty made in a petition to proceed in forma pauperis is untrue, "the district court shall dismiss the case."  28 U.S.C. § 1915(e)(2)(A).  Whether the false statements actually result in a grant of in forma pauperis status or other relief is irrelevant under § 1915(e)(2)(A).  *See Thomas*, 288 F.3d at 306 (affirming, without

discussing how the district court had ruled on plaintiff's application to proceed in forma pauperis, the dismissal with prejudice of plaintiff's complaint as a sanction for lying on the application).

Ms. McRoyal next challenges the district court's finding that Ms. McRoyal's allegation of poverty was knowingly false. The undisputed evidence shows that Ms. McRoyal was aware of over three-quarters of a million dollars in various assets that she intentionally hid from the district court. Therefore, the district court did not clearly err in finding that her allegation of poverty was knowingly false.

Finally, Ms. McRoyal contends that the district court should not have dismissed her complaint with prejudice merely on account of her failure to pay the sanctions. Having found that Ms. McRoyal lied, the district court was obligated to dismiss the case, although it had discretion to dismiss with or without prejudice. *Thomas,* 288 F.3d at 308. In this case, the district court dismissed the case with prejudice, but only after Ms. McRoyal failed to pay, in a timely fashion, any portion of the sanctions imposed. The court did not abuse its discretion in this respect.

Ms. McRoyal also argues that the district judge should have recused himself. Ms. McRoyal has pointed to no evidence of bias that would have necessitated a recusal. Accordingly, the claim is meritless.

For these reasons, the judgment of the district court is affirmed.

AFFIRMED