NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted March 31, 2009[*]
Decided April 1, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 08-3346 | |
| BILLY TORAIN, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| AMERITECH ADVANCED DATA SERVICES OF ILLINOIS, INC., *Defendant-Appellee.* | No. 06 C 4559 Joan B. Gottschall, *Judge.* |

**Order**

Billy Torain was fired in June 2005 from his job as associate director of call-center operations at a firm then known as SBC DataComm, Inc. (This opinion uses the current corporate name of Torain's former employer.) He contends that the discharge violates federal anti-discrimination statutes. Torain asked for leave to proceed *in forma pauperis*, and the district court granted that request.

During discovery Ameritech learned that some of Torain's income and assets had been omitted from his IFP application, which failed to reveal a recent $12,550 inheritance plus $250 per month of employment income for his wife, plus some of his own self-employment income. (Other assets also were omitted; we need not describe them.) Ameritech moved to dismiss the complaint because the IFP application was materially false, see 28 U.S.C. §1915(e)(2)(A), and the district court granted this motion.

The parties assume that, because the district court's order does not say whether the dismissal is with or without prejudice, it must be without prejudice. If that's so, then our

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

jurisdiction is in doubt, given the norm that a dismissal without prejudice to refiling is not final. But the assumption is incorrect. A procedural dismissal is "on the merits" unless the judge expressly provides otherwise. Fed. R. Civ. P. 41(b). (Rule 41(b) has three exceptions, none applicable to this case.) A dismissal on the merits precludes resumption of the litigation by filing a new complaint. Neither the judgment nor the district judge's opinion specifies that the dismissal is without prejudice. So the decision is final, and we have jurisdiction. This also makes it unnecessary to consider Ameritech's request that the judgment be modified to add "with prejudice" language.

Torain acknowledges that he omitted the inheritance and some current income from his IFP application. Section 1915(e)(2)(A) requires dismissal if these omissions were material. See *In re Chicago*, 500 F.3d 582 (7th Cir. 2007); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305 (7th Cir. 2002). The district judge concluded that they were material: the omitted assets and income would have enabled Torain to pay the filing fee. Appellate review is deferential, see *Thomas*, 288 F.3d at 307, and the district court did not commit a clear error in concluding that the omissions were material.

AFFIRMED