NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 29, 2009[*]
Decided July 29, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-4089

| | |
|---|---|
| CHRISTOPHER HOLLY, <br>    *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
|     *v.* | No. 07-CV-03196 |
| WEXFORD HEALTH SERVICES, INC., <br> et al., <br>    *Defendants-Appellees.* | Harold A. Baker, <br> *Judge.* |

**O R D E R**

   Former Illinois inmate Christopher Holly claims in this lawsuit under 42 U.S.C. § 1983 that during his incarceration he was denied necessary cataract surgery. The district court granted Holly leave to proceed in forma pauperis, but when it came to light that

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Holly had understated his assets in his petition, the court dismissed the case with prejudice. We affirm.

Holly is no stranger to filing lawsuits without having to foot the bill up front. While in prison, he took full advantage of the privilege afforded the indigent to litigate in federal court without prepaying filing and docketing fees in full. *See* 28 U.S.C. § 1915(a)(1). But after bringing too many frivolous claims, he lost this privilege in accordance with the Prison Litigation Reform Act, *see id*. § 1915(g). *Holly v. Anton*, No. 03-1653 (7th Cir. Jan. 22, 2004); *Holly v. Woolfolk*, No. 03 C 2563 (N.D. Ill. May 15, 2003). Once Holly was released from prison in June 2007, however, the PLRA no longer applied to him, and he continued to file lawsuits, pleading indigence and asking the district courts to waive prepayment of the statutory fees.

On July 19, 2007, Holly filed the complaint in this case and petitioned the district court to proceed in forma pauperis. In an affidavit he signed on July 17 and attached to that petition, Holly averred under penalty of perjury that as of July 15, 2007, he had a balance of $166.20 in his business checking account and a negative balance of $73.94 in his personal checking account. He represented that he lived with his mother and that she was paying all of his living expenses. He also attested that he did "not receive any additional income and/or financial resources." On July 27, 2007, the district court granted the petition and allowed Holly to proceed without prepaying the filing and docketing fees.

The next month, in August 2007, Holly filed another § 1983 suit. He again represented that he was impoverished and asked the district court allow him to litigate without first paying the required fees. The court denied the motion and ordered Holly to pay the fees. Holly then sought to take an interlocutory appeal, and in September 2007 he moved to proceed in forma pauperis in this court. On the form he completed as part of his fee petition, he averred that he was self-employed and had been receiving an average of $1,534 per month for the past 12 months. He also stated that he had invested much of the money that he received over the preceding three months to start a business. Bank records attached to the petition show that Holly's bank accounts were receiving a steady flow of funds, including two deposits totaling $539.25 on July 16, 2007—the day before he signed the financial affidavit in this case.

The defendants in this case got hold of the September 2007 fee petition and moved to dismiss on the basis that Holly had lied about his assets to avoid prepaying the fees. Holly responded by arguing that the motion was untimely, that any funds received after he filed the fee petition were irrelevant, and that he qualified for pauper status even considering the additional funds. He did not dispute the defendants' contention that he

had lied about his financial condition. The district court found that, in light of Holly's admission in the September 2007 petition that he had been earning approximately $1,500 per month over the preceding 12 months, Holly had committed perjury by claiming to be indigent when he filed this lawsuit. The court dismissed the case with prejudice, explaining that a lesser sanction, such as requiring Holly to pay the fees or dismissing without prejudice, would constitute "no real sanction" and would be "insufficient to deter future deception and would be unfair to the defendants."

A district court may allow an indigent plaintiff to file a lawsuit without prepaying the required fees if the plaintiff submits an affidavit with a statement of his assets and attests that he is too poor to pay. *See* 28 U.S.C. § 1915(a)(1). The district court is required to dismiss the case, however, if at any time the court learns that the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). We review for clear error the district court's finding that Holly falsely insisted that he was indigent. *See Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306, 308 (7th Cir. 2002). The court's choice to dismiss with prejudice—instead of without—constitutes a sanction for the filing of a false application, and we review that decision for abuse of discretion. *See id*.

Holly first argues, as he did in the district court, that the defendants moved to dismiss too late because the court-ordered deadline for submitting dispositive motions had already passed. But the timing of the defendants' motion, and indeed the motion itself, is irrelevant. Section 1915(e)(2)(A) requires a court to dismiss the complaint "at any time" if it determines that the plaintiff's assertion of poverty is untrue. Thus, a court confronted with a false allegation of poverty need not wait for a motion to dismiss and can apply § 1915(e)(2)(A) sua sponte. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997); *see also Thomas*, 288 F.3d at 306 (explaining that where the "allegation of poverty was false, the suit had to be dismissed; the judge had no choice"). Once the district court learned that Holly's fee petition in another lawsuit contradicted his assertion of poverty in this case, the court had the responsibility to determine whether Holly accurately reported that he is too poor to prepay the fees, and if Holly lied, to dismiss the case.

Holly also argues that, in fact, he could not afford to pay the fees when he submitted his financial affidavit and that assets he received later are irrelevant. But Holly's blanket assertion that he was indigent when he filed his fee petition ignores the issue at the heart of the district court's decision: two months after stating under oath in this case that he had no source of income or financial resources, Holly admitted that, at the time he filed the petition, he was receiving substantial funds. Holly has never squared his statement in the September 2007 petition that he had been earning roughly $1,500 monthly for the past 12 months and had accumulated enough over three months to start a business with his

assertion that he was receiving no income in July 2007. Moreover, Holly never explained why he failed to tell the district court about the $539.25 that was deposited into his account the day *before* he signed his financial affidavit in this case. And contrary to Holly's contention that he had no obligation to tell the court about income he received after he filed his petition, he did have a duty to inform the court when his financial situation improved. *See Thomas*, 288 F.3d at 306 (upholding district court's decision to dismiss with prejudice in part because plaintiff had failed to update his pauper application after receiving retirement benefits). Thus the district court's finding that Holly falsely claimed to be indigent is not clearly erroneous.

That brings us to whether the district court acted within its discretion in dismissing the case with prejudice. Holly contends that the record is devoid of evidence that he acted in bad faith, so, he says, the district court's sanction is too harsh, or, at the very least, the court should have granted him an evidentiary hearing before imposing it. But there is plenty of evidence that Holly intentionally hid from the court the fact that he was receiving income. And we cannot say that the court abused its discretion in concluding that this was the most appropriate sanction for Holly's mendacity. Furthermore, Holly had no right to an evidentiary hearing. He had the opportunity in his brief to the district court to explain the discrepancies between the two fee petitions, but he did not identify any material factual dispute warranting an evidentiary hearing. *See Wozniak v. Conry*, 236 F.3d 888, 890 (7th Cir. 2001). We therefore **AFFIRM** the district court's judgment. Holly's motion for appointment of counsel is **DENIED**.