**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 19, 2009*
Decided November 23, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| **No.** 09-3235 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| BILLY TORAIN, *Plaintiff-Appellant,* | |
| v. | No. 09 C 3660 |
| AT&T MANAGEMENT SERVICES, LP, *et al.,* *Defendants-Appellees.* | Rebecca R. Pallmeyer, *Judge.* |

### Order

Billy Torain was fired in June 2005. The district court dismissed the suit against his ex-employer, and we affirmed, having first made it clear that the dismissal was with prejudice. *Torain v. Ameritech Advanced Data Services of Illinois, Inc.*, No. 08-3346 (7th Cir. Apr. 1, 2009) (nonprecedential disposition).

Torain then filed a new suit, seeking damages for the same assertedly wrongful

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

discharge. The district court dismissed the second suit as barred by *res judicata* (claim preclusion) and added that Torain could not at all events proceed *in forma pauperis*, as he has sufficient assets to pay the filing fee. (Torain's attempt to conceal these assets from the district court was the reason the judge dismissed his first suit. That he should again propose to proceed *in forma pauperis* is unfathomable.)

The appeal contends that claim preclusion is inapplicable, because the defendants in the second suit differ from the defendant in the first, and the different parties should not be deemed to be in privity. But if the current defendants are not Torain's former employer (or in privity with it), how could they be liable for his dismissal? Torain seems to believe that all businesses associated within a holding company structure (the ex-employer, and the current defendants, all are subsidiaries of AT&T) are liable for each other's wrongs. That would be possible only if they were treated as a single employer, as they could be if the requirements for "piercing the corporate veil" were met. See, e.g., *United States v. Bestfoods*, 524 U.S. 51 (1998). But if that were so, the privity requirement also would be satisfied. And if the requirements for "piercing" are not met, then it is impossible to understand how one business could be held liable for another's wrongful discharge. See, e.g., *Bright v. Hill's Pet Nutrition, Inc.*, 510 F.3d 766 (7th Cir. 2007). So Torain cannot prevail, whether or not the defendants in the current suit are in privity with the defendant in the first suit.

AFFIRMED