NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted February 17, 2015[*]
Decided February 18, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2406

| | |
|---|---|
| RICHARD HODGES, <br>     *Plaintiff-Appellant,* <br><br> *v.* <br><br> PARTHASARATHI GHOSH, *et al.,* <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 14 C 2329 <br><br> **Samuel Der-Yeghiayan**, <br> *Judge.* |

**O R D E R**

Richard Hodges, an Illinois prisoner, claims in this suit under 42 U.S.C. § 1983 that Wexford Health Sources and four prison physicians denied him essential medical care in violation of the Eighth Amendment. He applied to proceed in forma pauperis, see 28 U.S.C. § 1915(a), but the district court denied that request with the explanation that Hodges had misrepresented his financial status. The court then dismissed the action

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. See Fed. R. App. P. 34(a)(2).

with prejudice when Hodges did not pay the filing fee. We conclude that the court abused its discretion in denying IFP status, and thus we vacate the judgment and remand for further proceedings.

In his IFP application, Hodges acknowledged receiving $10 monthly from a prison job but answered "no" to a question asking whether he had "received more than $200 in the past twelve months" from any other sources. The administrator of his prison trust account certified that Hodges had a balance of $86.17 in his account and average monthly deposits of $44.19 during the previous six months. Account records submitted with Hodges's application confirmed that during these months he had received $260 from outside sources.

The district court assumed that Hodges had misrepresented his financial status because he received these funds despite his "no" answer to the question about other sources of funds. The court set a deadline for Hodges to pay the filing fee to avoid dismissal.

Hodges moved for reconsideration. He explained that he had misunderstood the question asking if he "received more than $200 in the past twelve months" to mean more than $200 from any source *at one time*, rather than in total for that period. Hodges also said he had not understood that money received from family had to be reported. Hodges amended his IFP application to disclose receipts of $775 in "family support" during the previous twelve months, including $415 in the final six months. The district court was not persuaded by Hodges's explanation and, because the deadline for payment had passed, dismissed the action. The court asserted that Hodges had not identified any error in its order denying IFP but did not address Hodges's contention that he had misread the question concerning whether he had received more than $200 during the relevant time frame. The court repeated its earlier assertion that Hodges had "misrepresented his financial status" but did not invoke 28 U.S.C. § 1915(e)(2)(A), which mandates dismissal if the allegation of poverty in an IFP application is found to be untrue.

On appeal Hodges argues that the district court abused its discretion by dismissing his lawsuit with prejudice as a sanction. He contends that the inaccuracy in his IFP application was inadvertent, not an intentional misrepresentation.

A district court may dismiss a complaint with prejudice when a plaintiff intentionally misrepresents his financial status to gain IFP status. *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306, 308 (7th Cir. 2002); *Mathis v. New York Life Ins.*

*Co.*, 133 F.3d 546, 547 (7th Cir. 1998). But here the district court did not make a specific finding that Hodges had *intentionally* misrepresented his financial status, and the existing record would not support such a finding. Hodges's explanation of his misreading of the IFP application—that it asks about single rather than aggregate payments exceeding $200—is not unreasonable, so it was an abuse of discretion for the court to reject his explanation without further inquiry. See *Thomas*, 288 F.3d at 306; *Mathis*, 133 F.3d at 547. It is not likely that Hodges was trying to deceive the court. After all, his IFP application was accompanied by the required records from his prison trust account showing deposits of $260 from sources outside the prison, as well as the account administrator's certification that Hodges had deposited an average of $44.19 monthly during the previous six months. Moreover, in a different case filed by Hodges ten years earlier, the district court granted Hodges IFP status after he completed his application in identical fashion. His interpretation of the question this time was consistent with that decision. See *Hodges v. Briley*, No. 04 C 3585, 2005 WL 241466 (N.D. Ill. Feb. 1, 2005). We cannot conclude from this record that the error in Hodges's current IFP application here was intentional, let alone the kind of purposeful omission of a significant source of income or wealth that might justify dismissal with prejudice. See *Thomas*, 288 F.3d at 306 (upholding dismissal with prejudice where plaintiff had omitted from IFP application that he would be receiving more than $50,000 from retirement account); *Mathis*, 133 F.3d at 547 (upholding dismissal with prejudice where plaintiff omitted from IFP application $14,000 in home equity). The district erred in denying IFP without addressing Hodges's explanation that his misrepresentation had been unintentional, and thus the court also erred in dismissing the suit when Hodges did not pay the filing fee.

The judgment dismissing Hodges's lawsuit is VACATED, and the case is REMANDED for further proceedings consistent with this order.