# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2017

Lyle W. Cayce
Clerk

HERB VEST,

  Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

  Respondent - Appellee

Appeal from the Decision of the
United States Tax Court
TC No. 15351-13
TC No. 15352-13
TC No. 15353-13

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:\*

  Herb Vest appeals a final decision of the United States Tax Court finding first, that he impermissibly deducted expenses made during an investigation that did not have a profit motive, and second, that he improperly used the installment method of accounting to report income from a sale of assets made

---

  \* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60026

with a principal purpose of tax avoidance. Finding no clear error by the Tax Court, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Following an audit, the Internal Revenue Service (IRS) determined deficiencies totaling approximately $4 million in the income taxes that Petitioner–Appellant Herb Vest owed for the years 2008 through 2010. Two alleged errors in Vest's income calculations are at issue. The first error relates to deductions that Vest claimed for business expenses stemming from a years-long investigation into the cause of his father's 1946 death.[1] According to the IRS, these expenses were not deductible because they were spent in furtherance of an investigation that did not have a profit motive. The second error concerns Vest's use of the installment method of accounting to report gross profits of approximately $3.2 million from the sale of computer equipment and intangible property by one partnership controlled by Vest to two other such partnerships. This sale occurred in January 2008 but payment was not due until January 2018, a fact the purchasing partnerships used to claim depreciation deductions on the assets before making a single payment on the property and the selling partnership used to defer the gain from the sale of the property for a decade. The IRS determined that the installment method was not available to Vest because he failed to establish that a principal purpose of the transaction was not tax avoidance. Through these two alleged errors, Vest avoided substantial alternative minimum taxable income from 2008

---

[1] Vest undertook this investigation after receiving an anonymous letter in 2003 asserting that his father—whose death had previously been classified as a suicide—had been murdered. According to Vest, he viewed the letter as a business opportunity that, if publicized, could result in book and movie adaptations and also generate revenue for Vest's other businesses. Over the years, Vest expended significant sums on investigating his father's death, including hiring private investigators and hiring a writer to draft a manuscript. Vest conducted all of these investigative activities through partnerships that he controlled.

through 2010, resulting in total income tax deficiencies of approximately $4 million.

Vest petitioned the Tax Court for redetermination of the deficiencies. A trial was held on October 21, 2015, at which Vest was the only witness. On October 6, 2016, the Tax Court issued a decision in which it found in the Commissioner's favor on both alleged errors. Vest, proceeding pro se, timely appeals.

## II.  BUSINESS EXPENSE DEDUCTIONS

Vest first challenges the Tax Court's determination that expenses incurred in the investigation of his father's death could not be deducted as business expenses because this investigation lacked the requisite profit motive. We review the Tax's Court's factual finding on profit motive for clear error. *Westbrook v. Comm'r*, 68 F.3d 868, 876 (5th Cir. 1995) (per curiam). We will find clear error only when we are "left with the definite and firm conviction that a mistake has been made." *Ogden v. Comm'r*, 244 F.3d 970, 971 (5th Cir. 2001) (per curiam). The IRS's deficiency determination is presumptively correct and the petitioner bears the burden of proving it wrong. *Westbrook*, 68 F.3d at 876.

A taxpayer is permitted to deduct expenses incurred in carrying on a business or in connection with the production or collection of income. 26 U.S.C. §§ 162, 212. However, to be deductible, such expenses must be incurred with the "primary" objective of generating a profit. *Westbrook*, 68 F.3d at 876. Section 183 of the Internal Revenue Code (IRC) governs the deductions a taxpayer may take for expenses incurred in an activity "not engaged in for profit." 26 U.S.C. § 183. It provides that, as a general rule, no deductions for losses from such an activity are permissible. *Id.* § 183(a). It provides limited exceptions to this general rule, none of which is alleged to be applicable here.

No. 17-60026

*Id.* § 183(b).  IRS regulations provide that the profit-motive determination is an objective one made using a non-exhaustive list of nine factors:

> (1) the extent to which the taxpayer carries out the activity in a businesslike manner; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in other similar or dissimilar activities; (6) the taxpayer's history of income or losses attributable to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the taxpayer's financial status; and (9) any elements of personal pleasure or recreation in the activity.

*Westbrook*, 68 F.3d at 876 (citing Treas. Reg. § 1.183-2(b)(1)–(9)).  This court likewise relies on those factors.  *Id.*

Applying this list of factors, the Tax Court found that none of them "weigh[ed] meaningfully in [Vest's] favor" and accordingly concluded that Vest's investigation of his father's death was not undertaken with the primary motive of generating a profit.  This finding is amply supported by the record and thus is not clear error.  Among other evidence, the Tax Court cited the following in support of its profit-motive finding: Vest's investigation had been ongoing since 2003 yet had never generated an annual profit; Vest's investigation lacked a business plan or a budget; Vest had no expertise in the area of media and publishing; Vest continued his activities even after an investigator informed him in 2006 that further investigation into the theory that his father was murdered "would not prove fruitful";[2] and Vest had strong personal motives for uncovering the cause of his father's death.  Given the substantial evidence weighing against finding a profit motive, we cannot say that the Tax Court's finding was clearly wrong.

---

[2] Vest challenges the Tax Court's characterization of the investigator's report, but the court's characterization is consistent with the parties' joint stipulation of facts, which was agreed to before trial.

No. 17-60026

Vest's arguments to the contrary are unavailing. According to Vest, under the "unified business theory" his investigation expenses were profit motivated because they were undertaken to further one of his other businesses, a dating website called Truebeginnings, LLC. Yet, even affording his briefing the liberal interpretation we afford pro se litigants, *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam), Vest has abandoned this argument and we do not consider it, Fed. R. App. P. 28(a)(8); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995). Vest fails to cite any legal authority in support of this argument, nor does he support this factual assertion with any citation to the record. Accordingly, Vest has only offered us his bare assertions that his investigation was profit motivated, which are insufficient under the objective test of § 183 for demonstrating a profit motive. *Westbrook*, 68 F.3d at 875–76; Treas. Reg. § 1.183-2.

## III. INSTALLMENT METHOD

Vest also takes issue with the Tax Court's determination that his use of the installment method to account for sales from Truebeginnings to two other partnerships controlled by Vest was impermissible because the sales had a principal purpose of tax avoidance. Whether a principal purpose of an installment sale was tax avoidance is a factual finding that we review for clear error. *See Mingo v. Comm'r*, 773 F.3d 629, 633 (5th Cir. 2014); *see also Tecumsah Corrugated Box Co. v. Comm'r*, 932 F.2d 526, 539 (6th Cir. 1991).

The IRC generally requires that a gain or loss be included in a taxpayer's income for the year it is received or incurred. 26 U.S.C. § 451(a). There is an exception to this general rule for income from an installment sale—that is, a sale in which at least one payment is made in a year subsequent to the one in which the sale occurs. *Id.* § 453. Under this exception, known as the installment method, proceeds from an installment sale may be included in the seller's taxable income for the year in which the payment is *received*, rather

than the year in which the sale is made. *Id.* § 453(a)–(c). However, the installment method of accounting is not available for "an installment sale of depreciable property between related persons" unless "it is established to the satisfaction of the Secretary [of the Treasury] that the disposition did not have as one of its principal purposes the avoidance of Federal income tax." *Id.* § 453(g)(1)–(2).

Here, the Tax Court concluded that the sales of computer equipment and intangible assets from Truebeginnings to two of Vest's other partnerships did not qualify for the installment method. The Tax Court first found that these partnerships were "related persons" within the meaning of 26 U.S.C. § 453. It then concluded that these sales had a principal purpose of tax avoidance, as evidenced by "the significant and undeserved tax benefits that [Vest and the buying partnerships] received" by using the installment method, namely, deferring nearly all of the $3.2 million in gain from the sale of equipment for 10 years while securing substantial depreciation or amortization deductions based on the stepped-up bases in the equipment over the same period.

These findings were not clearly erroneous. On appeal, Vest does not dispute that the partnerships were related persons, but rather only challenges the Tax Court's finding on the purpose of the sales. Vest urges that the computer equipment sale "was done for business purposes" because other Truebeginnings unitholders no longer wished to invest in the equipment so there was a need to dispense with it. But this argument is inapposite. Even if the sale was motivated by a business purpose, this fact would not necessarily mean that the sale *did not* also have a principal purpose of tax avoidance. Merely arguing that the sale had a business purpose is not inconsistent with

No. 17-60026

it also having tax avoidance as one of its principal purposes.  Accordingly, Vest has failed to demonstrate clear error on the Tax Court's part.[3]

As for the intangible asset sale, Vest asserts that this could not have been motivated by tax avoidance because, due to his net operating loss for the years at issue, his use of the installment method did not affect his tax burden. Yet, as the Tax Court ably explained, Vest's use of the installment method did allow him to avoid substantial alternative minimum taxable income, thereby significantly reducing his tax liability for 2008 through 2010.  Vest's argument thus fails to show that tax avoidance was not a principal purpose of the intangible asset sale.  The Tax Court's conclusion that this sale had a principal purpose of tax avoidance was not in clear error.

## IV.  CONCLUSION

For the foregoing reasons, the judgment of the Tax Court is AFFIRMED.

---

[3] Vest also references "the Matching Principle" in this argument but offers no citation or explanation of what role this principle plays in the installment method determination. Accordingly, this argument is abandoned.  In any event, the matching principle would not help Vest: it would seem to require Truebeginnings to recognize in each year at least an equivalent amount of gain from the sale of the equipment as Vest's other partnerships recognized in depreciation or amortization from the equipment, which Truebeginnings did not do.